# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DAVID MITCHELL                                   CIVIL ACTION

VERSUS                                           NO. 17-90-JWD-EWD

WILLIE THOMAS, ET AL.


## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 21, 2017.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DAVID MITCHELL                                    CIVIL ACTION

VERSUS                                            NO. 17-90-JWD-EWD

WILLIE THOMAS, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Leave to File Amended Complaint for Damages (the "Motion for Leave"), filed by plaintiff David Mitchell.[1]  The Motion for Leave is opposed.[2]

Also before the Court is a Motion to Dismiss and a Motion to Stay Discovery pending resolution of the Motion to Dismiss, filed by defendant Sergeant Clarence Roberts.[3]  Both of these motions are also opposed.[4]

The undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED** with regard to Plaintiff's federal claims asserted and that the court decline to exercise supplemental jurisdiction over the state law claims. The undersigned also **RECOMMENDS** that the Motion for Leave be **DENIED** as futile.[5] The undersigned further **RECOMMENDS** that the dismissal of Plaintiff's

---

[1] R. Doc. 32.

[2] R. Doc. 34.

[3] R. Docs. 28 and 44.  On September 8, 2017, District Judge John W. deGravelles issued an Order referring Sgt. Roberts' Motion to Dismiss to the undersigned.  R. Doc. 47.

[4] R. Docs. 33 and 45.

[5] Although the denial of a motion to amend is generally a non-dispositive decision, the law is not settled regarding whether a motion to amend involving a futile amendment is a case dispositive motion under 28 U.S.C. § 636. *Mba v. HSBC Bank USA, N.A.*, Civ. A. No. 3:13-CV-4769-L, 2014 WL 4652891, at *1 n. 1 (N.D. Tex. Sept. 18, 2014). Compare *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (holding that because the magistrate judge's denial of the plaintiff's motion to amend his complaint merely prevented him from adding a defendant, the motion to amend was a non-dispositive matter) with *HCC, Inc. v. R H & M Mach. Co*., 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999) (holding that the denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility of the proposed amendment).  It does not appear that the Fifth Circuit has ruled on this issue.  Because the analysis of the Motion for Leave requires the same considerations as the Motion to Dismiss, which is a case dispositive motion, the undersigned issues a recommendation with regard to all pending referred motions.

claims against Sgt. Roberts be **WITHOUT PREJUDICE** and that, if this Report and Recommendation is adopted, Plaintiff be permitted thirty (30) days in which to file a Second Amended Complaint. The undersigned recommends that the Motion to Stay Discovery be **DENIED as moot**.

### Factual and Procedural Background

On February 16, 2017, Plaintiff, an inmate at Louisiana State Penitentiary (Angola), filed a Complaint for Damages[6] in this Court against Sergeant Willie Thomas and Sergeant Clarence Roberts (collectively, "Defendants") in their individual capacities, seeking monetary damages, attorney's fees and costs under 42 U.S.C. §§ 1983 and 1988 based on the Defendants' alleged use of excessive force in violation of Plaintiff's Eighth Amendment rights.[7] Alternatively, Plaintiff seeks relief under La. Civ. Code art. 2315, alleging that the Defendants were negligent in failing to protect Plaintiff from an attack by another inmate.[8]

Plaintiff alleges that on June 22, 2016, Defendants conspired to harm Plaintiff in retaliation for Plaintiff "having filed a prior sexual harassment PREA" against Sgt. Thomas.[9] Plaintiff alleges that on June 22, 2016, Sgt. Roberts "removed Inmate Tillman from his cell as though inmate Tillman was going to and from the shower; however, in violation of policy Sgt. C. Roberts had not had Inmate Tillman come to the bars and be restrained prior to existing [sic] the cell."[10] Alternatively, Plaintiff alleges that Sgt. Roberts did not place Tillman in restraints after Tillman had showered. Plaintiff asserts that Sgt. Roberts then brought Tillman to Plaintiff's cell, opened the cell door and allowed Tillman into Plaintiff's cell, where Tillman "violently attacked DAVID

---

[6] R. Doc. 1.
[7] R. Doc. 1.
[8] R. Doc. 1 at ¶¶ 28 and 29.
[9] Although not addressed in the Complaint, "PREA" is an acronym for the Prison Rape Elimination Act of 2013, 42 U.S.C. § 15601, *et seq. See, Krieg v. Steele,* 599 Fed. App'x 231, 232 (5th Cir. 2015) (unpublished), *cert. denied*, 136 S.Ct. 238, 193 L.Ed.2d 178 (2015).
[10] R. Doc. 1 at ¶ 8.

MITCHELL causing serious personal injury."[11]   Plaintiff claims that "it was obvious that Sgt. Willie Thomas had conspired with Sgt. C. Roberts" because Sgt. Thomas stood by and watched as Sgt. Roberts removed Tillman from the shower, unrestrained, and as Sgt. Roberts allowed Tillman into Plaintiff's cell.   Plaintiff further asserts, "It is unknown why the key guard opened the Cell 2 door and whether the key guard was instructed to do so by either Sgt. Willie Thomas or by Sgt. C. Roberts."[12]   Plaintiff claims that he suffered serious injuries to his head, back, neck and spine as a result of the attack by Tillman.

In the Complaint, Plaintiff alleges that, "The motive for the attack was retaliation. Retaliation by a guard against an inmate for filing a PREA complaint is in violation of policy and law, both state and federal."[13]   Plaintiff alleges that the Defendants' actions violated La. R.S. 15:829, which prohibits the use of corporal punishment against inmates housed by the Department of Public Safety and Corrections, and violated "Department Regulation No. C-02-006 regarding use of force."[14]   Plaintiff further asserts that, "Defendant acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights."[15] As a result of his alleged injuries, Plaintiff seeks an award for the following damages: (1) physical pain and suffering; (2) property damage and loss; (3) physical injuries; (4) emotional and mental distress, pain and suffering, humiliation, embarrassment; (5) past, present and future medical expenses; (6) inconvenience; (7) lost wages; (8) all litigation expenses; and (9) attorney's fees and costs.[16]

---

[11] *Id.* at ¶¶ 9 and 10.
[12] *Id.* at ¶ 12.
[13] *Id.* at ¶ 14.
[14] *Id.* at ¶¶ 15 and 16.
[15] *Id.* at ¶ 18.
[16] *Id.* at ¶ 31.

On May 2, 2017, Sgt. Roberts filed a Motion to Dismiss, asserting that the Complaint fails to state a claim under state or federal law against Sgt. Roberts and that Sgt. Roberts is entitled to qualified immunity in his individual capacity.[17]   The Motion to Dismiss is opposed.[18]

Plaintiff filed the instant Motion for Leave to File Amended Complaint for Damages on June 9, 2017, seeking to cure the deficiencies raised by Sgt. Roberts' Motion to Dismiss.[19]  Plaintiff asserts that the amendment should be allowed under Fed. R. Civ. P. 15 and the Fifth Circuit's "history of pursuing 'a course of strong liberality . . . in allowing amendments.'"[20]  That same date, in a one-page opposition, Plaintiff opposed the Motion to Dismiss on the basis that the Motion for Leave to File Amended Complaint for Damages cures any defects that may have existed in the original Complaint, such that the Motion to Dismiss is moot should the court allow the amendment to the Complaint.[21]

On June 23, 2017, Sgt. Roberts filed an opposition to the Motion for Leave, asserting that the proposed amendments continue to fail to state a claim upon which relief can be granted and do not overcome the qualified immunity.[22]  As such, Sgt. Roberts asserts the Motion for Leave should be denied as futile and/or frivolous.

---

[17] R. Doc. 28.  On March 28, 2017, Sgt. Thomas also filed a Motion to Dismiss Pursuant to FRCP 12(b)(6), asserting that Plaintiff's claims against Sgt. Thomas should be dismissed because Plaintiff has failed to state a claim for retaliation against Sgt. Thomas in his individual capacity under 42 U.S.C. § 1983 and because Sgt. Thomas is entitled to qualified immunity.   R. Doc. 13.  Sgt. Thomas' Motion to Dismiss is opposed and is currently pending before the District Judge.  R. Doc. 15.

[18] R. Doc. 33.  In the one-page opposition, Plaintiff asserts that the Motion to Dismiss should be denied because Plaintiff has filed a Motion for Leave to File Amended Complaint for Damages, which Plaintiff contends "cures the defects, *vel non*."  *Id.* at p. 1.  Plaintiff further asserts that he "amended the Complaint to render the Motion to dismiss moot," and that, "The motion to dismiss would be rendered moot should the court allow the amendment."  Id.

[19] R. Doc. 32 at ¶ 2 (*citing* R. Doc. 28).

[20] R. Doc. 32-1 at p. 1.

[21] R. Doc. 33.

[22] R. doc. 34.

**Applicable Law and Analysis**

In conducting a Rule 12(b)(6) analysis, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 570, 557, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 550 U.S. at 555, 127 S.Ct. at 1965 (internal citation omitted). While factual assertions are presumed to be true, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to withstand a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

**A. Sgt. Roberts' Motion to Dismiss Should Be Granted**

Although the original Complaint only specifically lists two claims for relief, an excessive force claim under 42 U.S.C. § 1983 and a negligent failure to protect claim under Louisiana law, Sgt. Roberts asserts in the Motion to Dismiss that the Complaint fails to state a claim against him in his individual capacity under § 1983 for retaliation, failure to protect, conspiracy, excessive force or violations of state law and/or prison policies, and also fails to state a negligence claim against him under Louisiana law.[23] Sgt. Roberts also asserts that he is entitled to qualified immunity in his individual capacity. In response, Plaintiff does not argue that the original Complaint was sufficient, instead Plaintiff asserts that the proposed Amended Complaint for Damages cures all the deficiencies that were raised by Sgt. Roberts' Motion to Dismiss.[24]

---

[23] R. Doc. 28 at p. 1.
[24] R. Doc. 32 at ¶ 2 (*citing* R. Doc. 28).

### 1. The Allegations Against Sgt. Roberts in the Original Complaint

The original Complaint makes the following allegations specific to Sgt. Roberts:

> Sgt. C. Roberts removed Inmate Tillman from his cell as though Inmate Tillman was going to and from the shower; however, in violation of policy Sgt. C. Roberts had not had Inmate Tillman come to the bars and be restrained prior to exiting the cell.

> In the alternative, Sgt. C. Roberts did not place Inmate Tillman in restraints after he had showered. He should have been ordered to come to the bars and be restrained prior to existing [sic] the shower and this was not done. Sgt. C. Roberts and Inmate Tillman then proceeded to Cell #2 where DAVID MITCHELL was confined. Sgt. C. Roberts opened the cell door and allowed Inmate Tillman into Cell #2 where Inmate Tillman violently attacked DAVID MITCHELL causing serious personal injury.

> Due to the circumstances it was obvious that Sgt. Willie Thomas had conspired with Sgt. C. Roberts to cause harm to DAVID MITCHELL as retaliation for the prior PREA complaint,[25] because at the time of the attack, Sgt. Willie Thomas was at the front of the Tier outside of the gate looking down the Tier.

> Sgt. Willie Thomas stood by and watched as Sgt. C. Roberts removed Inmate Tillman from the shower unrestrained and as Sgt. C. Robert opened the cell 2 door to allow Inmate Tillman into DAVID MITCHELL's cell. It is unknown why the key guard opened the Cell 2 door and whether the key guard was instructed to do so by either Sgt. Willie Thomas or by Sgt. C. Roberts.[26]

### 2. Plaintiff's § 1983 Claim for Retaliation

The original Complaint states that Sgt. Thomas retaliated against Plaintiff because Plaintiff had filed a prior sexual harassment PREA against Sgt. Thomas. The only allegation with regard to Sgt. Roberts' alleged retaliation is that "due to the circumstances" it was obvious that Sgt. Roberts conspired with Sgt. Thomas to harm Plaintiff in retaliation for Plaintiff's PREA complaint

---

[25] An earlier paragraph of the original Complaint states that "During the noon hour after chow, Sgt. Willie Thomas retaliated against DAVID MITCHELL for having filed a prior sexual harassment PREA." R. Doc. 1 at ¶ 6.

[26] R. Doc. 1 at ¶¶ 8-12.

against Sgt. Thomas.[27] The "obvious circumstance" Plaintiff references is the fact that during the time of the alleged attack, Sgt. Thomas was at the front of the tier and watched Sgt. Roberts remove inmate Tillman while inmate Tillman was unrestrained, and watched Sgt. Roberts allow inmate Tillman into Plaintiff's cell.

The law is well-settled that a prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citation omitted); *See*, *Hunter v. Sterling*, Civ. A. No. 08-0835-JVP-DLD, 2010 WL 1385188, at *6 (M.D. La. Mar. 1, 2010) (citing authority). However, "Claims of retaliation must . . . be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)). To prevail on a claim of retaliation, a prisoner must be able to establish that (1) he was exercising or attempting to exercise a specific constitutional right, (2) the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) there is causation, *i.e.*, that but for the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra,* 449 F.3d at 684*; Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003)*.* The inmate must allege more than a mere personal belief that he is the victim of retaliation. *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999)*; Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). To demonstrate the requisite retaliatory intent on the part of a defendant, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, *supra,* 60 F.3d at 1166.

---

[27] R. Doc. 1 at ¶ 11.

Although the Fifth Circuit has held that complaining about the conduct of corrections officers through proper channels is a constitutionally protected activity,[28] it is not clear from the original Complaint that Plaintiff filed a formal grievance against Sgt. Thomas for sexual harassment. This Court has previously explained that, "an inmate's right to complain to supervising officials regarding alleged misconduct is limited to complaints which are made through 'proper channels.'" *Triplett v. LeBlanc*, Civ. A. No. 13-243-JWD-RLB, 2015 WL 893057, at *7 (M.D. La. Mar. 2, 2015) (finding that an inmate speaking out at a meeting convened by the assistant warden "does not appear to be an assertion of a complaint through 'proper channels' as to support a claim of retaliation."); *See*, *Hanna v. Maxwell*, 415 Fed. App'x 533, 536 (5th Cir. 2011) (rejecting an inmate's claim of retaliation where the alleged retaliation was not in response to complaints made through proper channels); *Morris v. Powell, supra*, 449 F.3d at 684; *Sanchez v. Allen*, Civ. A. No. 5:13cv25, 2013 WL 5829156, at *1 (E.D. Tex. Oct. 29, 2013) (same); *Rankin v. Pearson*, Civ. A. No. 5:11cv138-DCB-RHW, 2013 WL 1305517, *4 (S.D. Miss. Mar. 26, 2013) (same).

Even assuming Plaintiff had asserted a complaint against Sgt. Thomas using the "proper channels," the original Complaint does not allege any facts to show that *Sgt. Roberts* intentionally retaliated against Plaintiff because Plaintiff exercised his constitutional right to complain against Sgt. Thomas. The original Complaint does not allege that Sgt. Roberts was aware of Plaintiff's prior PREA complaint against Sgt. Thomas, nor does the original Complaint allege any relationship at all between Sgt. Roberts and Sgt. Thomas by which the court could infer that but for the retaliatory motive the events Plaintiff alleges would not have occurred. Plaintiff does not

---

[28] *Hanna v. Maxwell*, 415 Fed. App'x 533, 536 (5th Cir. 2011) (unpublished) (citing *Morris v. Powell*, *supra*, 449 F.3d at 684).

allege the date upon which the prior PREA complaint against Sgt. Thomas was made,[29] nor does Plaintiff allege that any statements were voiced by Sgt. Roberts that explicitly suggested a retaliatory motive or intent. Thus, the original Complaint certainly fails to set forth "direct evidence of motivation" on the part of Sgt. Roberts and also fails to set forth "a chronology of events from which retaliation may plausibly be inferred," as required to show that Sgt. Roberts intentionally retaliated against Plaintiff. *Tasby v. Cain*, Civ. A. No. 16-0277-JJB-EWD, 2017 WL 4295441, at *7 (M.D. La. Sept. 12, 2017), *report and recommendation adopted*, 2017 WL 4322413 (M.D. La. Sept. 28, 2017). Even on a Rule 12(b)(6) motion, "where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). Accordingly, Plaintiff's conclusory allegations in the original Complaint are not sufficient to state a claim of retaliation against Sgt. Roberts under 42 U.S.C. § 1983. *See, Tasby,* 2017 WL 4295441, at *7 ("Accordingly, his non-specific conclusory allegations of retaliation are not sufficient to support a claim relative thereto."). Sgt. Roberts' Motion to Dismiss should be granted with regard to Plaintiff's § 1983 retaliation claim.

### 3. Plaintiff's § 1983 Conspiracy Claim

Similarly, the allegations contained in the original Complaint are insufficient to state a claim for conspiracy against Sgt. Roberts under § 1983. The Fifth Circuit has held that to establish a conspiracy claim under 42 U.S.C. § 1983, an inmate must show an actual violation of § 1983

---

[29] Although a plaintiff must state more than just temporal proximity between the complaint and alleged retaliation to state a claim, *Reese v. Skinner*, 322 Fed. App'x 381, 383 (5th Cir. 2009), if, for example, Plaintiff's PREA complaint against Sgt. Thomas was five years before the incident about which Plaintiff complains, it would seem less reasonable to infer retaliatory motive from the events set forth in the original Complaint than if the PREA complaint were closer in time to when these events allegedly occurred.

and an agreement by the defendants to commit an illegal act. *Leggett v. Williams*, 277 Fed. App'x 498, 501 (5th Cir. 2008) (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995)). To the extent that Plaintiff alleges the Defendants engaged in a conspiracy to allow Tillman to attack Plaintiff, Plaintiff has failed to state a cause of action against Sgt. Roberts under 42 U.S.C. § 1983. The original Complaint does not allege facts tending to show that the Defendants entered into an agreement to cause Plaintiff harm. Instead, Plaintiff alleges that while transporting inmates to and from the showers, Sgt. Roberts permitted the improperly unrestrained Tillman to enter Plaintiffs' cell where Tillman attacked Plaintiff. Plaintiff then draw the conclusion that, "Due to the circumstances, it was obvious that Sgt. Willie Thomas had conspired with Sgt. C. Roberts to cause harm to DAVID MITCHELL as retaliation for the prior PREA complaint, because at the time of the attack, Sgt. Willie Thomas was at the front of the Tier outside of the gate looking down the Tier."[30] "'Mere conclusory allegations of a conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C.A. § 1983." *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)); *See, Hall v. Armond,* Civ. A. No. 12-677-SDD-SCR, 2014 WL 2465932, at *4 (M.D. La. May 30, 2014) ("The conspiracy allegations made by the plaintiff are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim.") (citations omitted). The leap is simply too great to make in this instance that the facts alleged by Plaintiff in the original Complaint are sufficient to state a claim for conspiracy under 42 U.S.C. § 1983. Sgt. Roberts' Motion to Dismiss should be granted with regard to Plaintiff's § 1983 conspiracy claim.

---

[30] R. Doc. 1 at ¶ 11.

### 4. Plaintiff's § 1983 Claim for Failure to Protect

To the extent that Plaintiff's allegations may be interpreted as asserting that Sgt. Roberts allowed Tillman access to Plaintiff's cell and failed to protect Plaintiff from an attack by Tillman, Plaintiff's allegations are also insufficient to state a cause of action for failure to protect under 42 U.S.C. § 1983.

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994)). "Prison officials are not, however, expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970). Prison officials may be found liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. *Adames*, 331 F.3d at 512. "A prison official is deliberately indifferent if he knows of an 'excessive risk to inmate health or safety' and disregards that risk." *Id.* (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970). "Deliberate indifference requires an allegation of a 'conscious or callous indifference' to a prisoner's rights." *Robertson v. Gautreaux*, Civ. A. No. 16-341-JJB-RLB, 2017 WL 690542, at *4 (M.D. La. Feb. 21, 2017) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 641 (5th Cir. 1996)). Further, "The deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983." *Robertson v. LeBlanc*, Civ. A. No. 13-171-SDD-RLB, 2014 WL 688979, at *4 (M.D. La. Feb. 20, 2014) (citing *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986)).

Applying the foregoing standard, Plaintiff has failed to allege any facts in the original Complaint to show that Sgt. Roberts was aware of a specific threat posed by Tillman or that Sgt.

Roberts knew Plaintiff faced an excessive risk to his health or safety. The original Complaint does not allege that Plaintiff had identified Tillman as a "known enemy" before the June 22, 2016 attack or that Sgt. Roberts knew Plaintiff would be attacked by Tillman. As Sgt. Roberts points out, Plaintiff asserts that he had previously identified Sgt. Thomas as a "known enemy," alleging that, "One [sic] June 22, 2016, Sgt. Willie Thomas should not have been working around DAVID MITCHELL due to DAVID MITCHELL having previously filed a PREA and due to the fact the [sic] DAVID MITCHELL had previously listed Sgt. Willie Thomas as a known enemy."[31] Plaintiff does not allege that Sgt. Roberts was personally aware that Tillman posed a serious threat of potential harm to Plaintiff. There is also no allegation that Plaintiff advised any prison employee that he and Tillman had previously experienced conflict or were currently experiencing conflict. *See*, *Robertson v. LeBlanc, supra*, 2014 WL 688979, at *5 ("[P]laintiff makes no allegation that any defendant was personally aware of a serious threat of potential harm to the plaintiff from the offending co-inmate. Nor does the plaintiff allege that he advised any prison employee that he and the offending co-inmate had previously experienced conflict or were currently experiencing conflict.").

Based on the foregoing, the original Complaint fails to allege sufficient facts to support a claim against Sgt. Roberts under 42 U.S.C. § 1983 for his alleged failure to protect Plaintiff from an attack by Tillman. Although the original Complaint also alleges that both Defendants were negligent in failing to protect Plaintiff from an attack by Tillman, "a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983." *Robertson v. LeBlanc*, 2014 WL 688979, at *4 (citing *Davidson*, 474 U.S. at 347-48, 106 S.Ct. at 670). Sgt. Roberts' Motion to Dismiss should be granted with regard to Plaintiff's § 1983 failure to protect claim.

---

[31] R. Doc. 1 at ¶ 7.

### 5. Plaintiff's § 1983 Excessive Force Claim

In the original Complaint, Plaintiff alleges that, "Under the color of State and local law, Defendants violated the Plaintiff's 8th Amendment right to be free from use of corporal punishment, unnecessary and/or excessive force while being seized and/or detained by the Defendants."[32] Plaintiff alleges that, "Use of corporal punishment was prohibited and/or force was unnecessary and/or excessive to any need and/or there was no need for use of force under the 4th or 8th Amendment and the circumstances presented."[33] Plaintiff also alleges that, "The guards violated multiple state laws and rules and regulations," and that, "The conduct of the Defendants was extreme and outrageous."[34]

"The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners, including using excessive force." *Granger v. Babin*, Civ. A. No. 12-628-JJB-SCR, 2014 WL 2197064, at *3 (M.D. La. May 27, 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "A use of force is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline." *Graham v. Callahan*, Civ. A. No. 13-00767-BAJ-RLB, 2015 WL 631280, at *3 (M.D. La. Feb. 12, 2015), *supplemented*, 2015 WL 1258095 (M.D. La. Mar. 18, 2015) (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010)). "Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided

---

[32] *See*, R. Doc. 1 at ¶ 21.
[33] R. Doc. 1 at ¶ 23.
[34] R. Doc. 1 at ¶¶ 24 and 25.

that such force is not of a sort 'repugnant to the conscience of mankind.'" *Graham,* 2015 WL 631280, at *3 (citing *Hudson v. McMillian*, 503 U.S. 1, 10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992)).

Here, as Sgt. Roberts points out, the original Complaint does not allege facts to suggest that Sgt. Roberts ever used excessive force against Plaintiff. Instead, Plaintiff alleges that he was attacked by Tillman, a fellow inmate, when Sgt. Roberts allegedly allowed Tillman to enter Plaintiff's cell.[35] Based on the foregoing, the original Complaint fails to allege sufficient facts to state a cause of action against Sgt. Roberts under 42 U.S.C. § 1983 for excessive force. Sgt. Roberts' Motion to Dismiss should be granted with regard to Plaintiff's § 1983 excessive force claim.

### 6. Plaintiff's § 1983 Claims for Violations of State Law and/or Prison Policies

In the original Complaint, Plaintiff asserts that the Defendants violated his civil rights under 42 U.S.C. § 1983 because they "violated multiple state laws and rules and regulations."[36] Plaintiff further asserts that the officers violated La. R.S. 15:829, which prohibits prison guards from using corporal punishment against inmates, and that, "Department Regulation No. C-02-006 regarding use of force was violated."[37]

As previously discussed, Plaintiff has not alleged any facts in the original Complaint to show that Sgt. Roberts used excessive force against Plaintiff. Instead, Plaintiff alleges that the Defendants allowed Plaintiff to be attacked by another inmate. In addition, "[I]t is well-settled that the purpose of 42 U.S.C. § 1983 is to address the violation of rights secured by federal statutes or by the United States Constitution. Accordingly, the mere violation of a state law or regulation

---

[35] R. Doc. 1 at ¶ 10.
[36] R. Doc. 1 at ¶ 24.
[37] R. Doc. 1 at ¶¶ 15 and 16.

is not cognizable under § 1983." *White v. LaMartiniere*, Civ. A. No. 11-0215-JJB-CN, 2012 WL 528153, at *2 (M.D. La. Jan. 24, 2012) (citing *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005); *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989)). Further, "a claim based on a prison regulation violation would not be cognizable under § 1983 because '[a] claim for relief under § 1983 must allege the deprivation of a right secured by the Constitution or the laws of the United States by a defendant acting under color of state law.'" *Jenkins v. Livingston*, 388 Fed. App'x 417, 420 (5th Cir. 2010) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002)). As such, the general allegations in the original Complaint fail to state a cause of action under 42 U.S.C. § 1983 for the violation of Plaintiff's rights under Louisiana law and certain prison regulations. Sgt. Roberts' Motion to Dismiss should be granted with regard to Plaintiff's § 1983 claims based on violation of state law, rules and/or regulations.

### 7. Qualified Immunity

Because the original Complaint fails to allege sufficient facts to state a cause of action under 42 U.S.C. § 1983 against Sgt. Roberts in his individual capacity for retaliation, conspiracy, failure to protect, excessive force or violations of state law and/or prison policies, the Court need not address whether Sgt. Roberts is entitled to the defense of qualified immunity in his individual capacity, as alleged in the Motion to Dismiss.[38]

### 8. Plaintiff's State Law Negligence Claim

In addition to asserting claims under 42 U.S.C. § 1983, the original Complaint includes a state law negligence claim, alleging that, "In the alternative, the DEFENDANT knew or should have known that failure to keep unauthorized persons out of an inmate's cell and failure to protect the inmate could lead to serious personal injury."[39] A district court may decline the exercise of

---

[38] *See*, R. Doc. 28 at p. 1; R. Doc. 28-1 at pp. 11-14.
[39] R. Doc. 1 at ¶ 28.

supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. *See, Cloud v. Cain*, Civ. A. No. 16-494-SDD-RLB, 2017 WL 525673, at *3 (M.D. La. Jan. 6, 2017), *report and recommendation adopted*, 2017 WL 522953 (M.D. La. Feb. 8, 2017).

In the instant case, having recommended that Plaintiff's federal claims be dismissed, the undersigned further recommends that the exercise of supplemental jurisdiction over any remaining state law claims be declined.

### B. The Motion for Leave Should be Denied Because the Proposed Amendments Would be Futile.

Because the proposed Amended Complaint fails to allege sufficient facts to state a claim against Sgt. Roberts under 42 U.S.C. § 1983 or Louisiana law, the proposed amendments would be futile. As such, Plaintiff's Motion for Leave should be denied.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Fifth Circuit has strictly followed this rule, stating that, "leave to amend should be granted liberally." *Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir. 1995). A district court has limited discretion to deny a litigant leave to amend because Rule 15 evinces a bias in favor of granting leave to amend. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (quotation and citation omitted). Although leave to amend should not be automatically granted, "A district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).

Of these factors, Sgt. Roberts argues that leave should be denied because the amendments would be futile and/or frivolous. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. National Collegiate Athletic Association*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). As such, review of a proposed amended complaint is conducted under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Marucci Sports, L.L.C.*, 751 F.3d at 378 (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)).

Plaintiff's Motion for Leave was filed "to cure all deficiencies in pleading that were raised by the Motion to Dismiss."[40] The proposed Amended Complaint, however, does little to shed additional light on Sgt. Roberts' alleged role in the June 22, 2016 incident. The proposed Amended Complaint clarifies or expands on the allegations in the original Complaint as follows: Sgt. Roberts and Sgt. Thomas were working together in Camp J Alligator "Gator" L dorm when the alleged attack occurred on June 22, 2016;[41] Sgt. Thomas was working the key to release inmates from cells for showers and Sgt. Clarence Roberts was escorting inmates to and from the shower in Camp J Alligator "Gator" L;[42] Sgt. Willie Thomas and Sgt. Clarence Roberts were aware of the proper

---

[40] R. Doc. 32.

[41] There appears to be some contradiction between paragraphs 11 and 12 of the proposed Amended Complaint, which state that Sgt. Thomas was working in the "Gator" R and Sgt. Roberts was working in the Gator "L" on June 22, 2016, and the allegations in paragraph 15 that both defendants were working together in "Gator" L. *See*, R. Doc. 32-3 at ¶¶ 11, 12 and 15.

[42] R. Doc. 32-3 at ¶16. There may also be some contradiction between paragraphs 16, 20 and 25 of the proposed Amended Complaint, which seem to suggest that Sgt. Thomas was working key release and opened the doors to the cells where inmate Tillman and Plaintiff were confined, and paragraph 29, which suggests perhaps there was another guard operating the key release ("In the alterative [sic], It is unknown why the key guard opened the Cell 2 door and

procedure for escorting inmates to and from the shower and were unreasonable and reckless in failing to follow those procedures;[43] and Sgt. Roberts signaled Sgt. Thomas to open inmate Tillman's cell so inmate Tillman could be removed and that Sgt. Roberts signaled Sgt. Thomas to open the cell door to Plaintiff's cell.[44]

These amendments are still not sufficient to state a claim for relief under any of the potential alleged causes of action contained in the proposed Amended Complaint. With regard to retaliation and conspiracy to retaliate, the proposed amendments still do not provide either direct evidence of retaliatory motive or a chronology of events from which retaliation may be plausibly inferred. At most, the proposed amendments appear to show that Sgt. Thomas and Sgt. Roberts were working together while inmates were being escorted to and from showers, that inmate Tillman was improperly permitted to proceed unrestrained and that inmate Tillman was permitted to enter Plaintiff's cell where the alleged attack occurred. There is still no information presented with regard to any prior knowledge of Sgt. Roberts about the PREA complaint against Sgt. Thomas, no additional information about any relationship between Sgt. Thomas and Sgt. Roberts, no specific information as to when the PREA complaint was filed against Sgt. Thomas and not even so much as an allegation that Sgt. Roberts and Sgt. Thomas agreed to commit an illegal act. With regard to the failure to protect claim, there is no allegation that Sgt. Roberts was personally aware of any serious risk of harm Tillman posed to Plaintiff. Nothing in the proposed amendments changes the above analysis with regard to the fact that a claim for violation of state laws or regulations is not cognizable under 42 U.S.C. § 1983. Because the undersigned recommends that

---

whether the key guard was instructed to do so by either Sgt. Willie Thomas or by Sgt. C. Roberts"). R. Doc. 32-3 at ¶ 29. A similar allegation with regard to the unknown key guard was also contained in the original Complaint. R. Doc. 1 at ¶ 12.

[43] *Id*. at ¶¶ 17-19.

[44] *Id*. at ¶¶ 20 and 25.

the Motion for Leave be denied as futile with regard to all of Plaintiff's federal claims, the above recommendation to decline supplemental jurisdiction over Plaintiff's state law claims remains unchanged.

### C. The Dismissal of Plaintiff's Claims Should Be Without Prejudice

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *See, Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling); accord *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003); *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991). Where, however, a claim is frivolous or the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see, Neitzke Neitzke v. Williams*, 490 U.S. 319, 327-29, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989); *Hart*, 199 F.3d at 248 n. 6. In addition, a plaintiff should not be granted leave to amend after being afforded repeated opportunities to do so. *See, Torch Liquidating Trust ex rel. Bridge Assoc. L.L.C. v. Stockstill,* 561 F.3d 377, 391 (5th Cir. 2009) (finding that plaintiff had ample opportunity to cure noted defects through a prior amendment); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004) (noting that "pleading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right"); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (holding leave to amend was properly denied where the relator had previously filed two amended complaints). Furthermore, "where a proposed amendment would be a futile act, a court does not abuse its discretion in denying leave to amend." *SB Int'l, Inc. v. Jindal*, Civ. A. No. 3:06-CV-1174-G, 2007

WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir.), *cert. denied*, 537 U.S. 1044, 123 S.Ct. 659, 154 L.Ed.2d 516 (2002) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)). *Walker v. Beaumont Indep. Sch. Dist.*, Civ. A. No. 1:15-CV-379, 2016 WL 4198279, at *3 (E.D. Tex. Aug. 8, 2016) is also instructive. There, the court denied plaintiff leave to amend finding that further attempts would be futile because plaintiff had already amended several times, the court had conducted several hearings and had ruled on numerous dispositive motions. Under the circumstances the *Walker* court felt plaintiff had had "ample opportunity to rectify any pleading defects." 2016 WL 4198279, at *3.

Here, Plaintiff has only amended once. The suit was filed in February of this year and the scheduling conference was continued for good cause because of the pending motions, so no pretrial schedule or trial date has been set at this time. Under these circumstances, the undersigned recommends that the dismissal of Plaintiff's claims against Sgt. Roberts be without prejudice and that, if the Report and Recommendation is adopted, Plaintiff be permitted thirty (30) days from the date of the court's order adopting the Report and Recommendation in which to file a Second Amended Complaint.

## RECOMMENDATION

**IT IS RECOMMENDED** that Sgt. Roberts' Motion to Dismiss should be **GRANTED**[45] and that Plaintiff's Motion for Leave to File Amended Complaint for Damages[46] should be **DENIED** as futile.

---

[45] R. Doc. 28.
[46] R. Doc. 32.

**IT IS FURTHER RECOMMENDED** that the dismissal should be without prejudice to Plaintiff filing a Second Amended Complaint within thirty (30) days if this Report and Recommendation is adopted.

**IT IS FURTHER RECOMMENDED** that Sgt. Roberts' Motion to Stay Discovery[47] pending resolution of the Motion to Dismiss should be **DENIED as moot.**

Signed in Baton Rouge, Louisiana, on November 21, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[47] R. Doc. 44.