UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID MITCHELL

CIVIL ACTION

VERSUS

NO. 17-00090-JWD-EWD

WILLIE THOMAS AND CLARENCE ROBERTS

**RULING AND ORDER**

This matter comes before the Court on *Sgt. Clarence Roberts' Second Motion to Dismiss* filed by Defendant Sergeant Clarence Roberts ("Sgt. Roberts").[1] Plaintiff David Mitchell ("Plaintiff" or "Mitchell") opposes the *Motion*.[2] Sgt. Roberts has filed a *Reply*.[3] The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. Having carefully considered the law, facts in the record, and arguments and submissions of the parties, the Court is prepared to rule. For the following reasons, the *Motion to Dismiss* is granted, and Plaintiff's claims against Sgt. Roberts shall be dismissed.

**I.     RELEVANT FACTUAL BACKGROUND**

On February 16, 2017, Mitchell, an inmate at Louisiana State Penitentiary ("LSP"), filed a *Complaint for Damages* in this Court against Sergeant Willie Thomas and Sergeant Clarence Roberts (collectively, "Defendants") in their individual capacities.[4] Plaintiff filed a *Second Amended Complaint* on January 12, 2018.[5]

---

[1] Doc. 56. The instant *Motion* only pertains to Plaintiff's claims asserted against Defendant Sgt. Roberts. Accordingly, the Court's *Ruling and Order* has no effect on Plaintiff's remaining claims against Defendant, Willie Thomas.
[2] Doc. 60.
[3] Doc. 61.
[4] Doc. 1.
[5] Doc. 55.

Plaintiff seeks monetary damages, attorney's fees and costs under 42 U.S.C. §§ 1983 and 1988 based on the Defendants' alleged use of excessive force in violation of Plaintiff's Fourth and Eighth Amendment rights.[6] Alternatively, Plaintiff seeks relief under La. Civ. Code art. 2315, alleging that the Defendants were negligent in failing to protect Plaintiff from an attack by another inmate.[7]

Plaintiff claims that, on June 22, 2016, the Defendants conspired to harm him in retaliation for filing a sexual harassment Prison Rape Elimination Act ("PREA") complaint on June 18, 2016 against Sgt. Thomas, who had allegedly sexually harassed Mitchell on June 17, 2016.[8] According to Mitchell, filing a PREA is a "right established by and protected by federal, state, law and the policies and regulations of [LSP]."[9] He further contends that filing a PREA complaint is a protected constitutional right via the First and Fourteenth Amendment.[10]

Plaintiff alleges that "Sgt. Thomas should not have been working around DAVID MITCHELL" after the filing of his PREA complaint and listing Sgt. Thomas as a "known enemy."[11] On June 22, 2016, Mitchell contends that both of the Defendants were working on Camp J in the Alligator ("Gator") Left dorm, where Plaintiff was located.[12] Sgt. Thomas was allegedly assigned to "work[] the key (cell doors) to release inmates from cells for showers on Gator Left," while Sgt. Roberts was "escorting inmates to and from the shower in Gator L[eft]."[13]

Plaintiff further alleges that LSP has "proper" procedures for escorting inmates in Camp J Gator dorm to the shower.[14] Specifically, an inmate "must be placed in full restraint[s] before

---

[6] Doc. 55, ¶¶ 9–10.
[7] Doc. 55, ¶¶ 58–59.
[8] Doc. 55, ¶¶6-7.
[9] Doc. 55, ¶8.
[10] Doc. 55, ¶8.
[11] Doc. 55, ¶14.
[12] Doc. 55, ¶22.
[13] Doc. 55, ¶23.
[14] Doc. 55, ¶24.

2

exiting the cell for any reason, including to be escorted to the shower."[15]  Once placed in the shower, an inmate is to be unrestrained; however, "prior to exiting the shower cell, the inmate must be placed in full restraint[s] before exiting [his] shower cell to be returned to [his] assigned cell."[16]

On June 22, 2016, Mitchell alleges that Sgt. Thomas knew he was in Cell #2 [Plaintiff's cell] "which is immediately just right next to the shower."[17]  Thereafter, Plaintiff contends that "Sgt. C. Roberts signaled Sgt. Willie Thomas to open the cell to remove Inmate Tillman from as cell as though Inmate Tillman was going to and from the shower," but, "in violation of policy[,] Sgt. C. Roberts had not had Inmate Tillman come to the bars and be restrained prior to existing [sic] the cell."[18]  In the alternative, Plaintiff alleges that Sgt. Roberts did not put restraints on Tillman prior to him exiting the shower.[19]

Mitchell posits that regardless of whether Tillman was entering or exiting the shower, "Inmate Tillman was on the Tier unrestrained with Sgt. C. Roberts" and there was no reason to have Tillman unrestrained, because "such action placed many persons as risk of injury."[20]  He further alleges that once his cell door was opened by Sgt. Thomas, Sgt. Roberts "allowed inmate Tillman into Cell #2 where Inmate Tillman violently attacked DAVID MITCHELL causing serious personal injury."[21]

Plaintiff claims that "it was obvious that Sgt. Willie Thomas had conspired with Sgt. C. Roberts to cause harm to DAVID MITCHELL as retaliation for the prior PREA complaint[,]" because Sgt. Thomas was allegedly watching the incident from his point on the Tier.[22]  In the

---

[15] Doc. 55, ¶24.
[16] Doc. 55, ¶25.
[17] Doc. 55, ¶26.
[18] Doc. 55, ¶28.
[19] Doc. 55, ¶29.
[20] Doc. 55, ¶¶ 30–31.
[21] Doc. 55, ¶¶34-35.
[22] Doc. 55, ¶38.

3

alternative, Plaintiff asserts that "it is unknown why the key guard opened the Cell 2 [Plaintiff's cell] door and whether the key guard was instructed to do so by either Sgt. Willie Thomas or by Sgt. C. Roberts."[23] Mitchell also alleges that as a result of the incident with Tillman, he has sustained serious injuries to his head, back, neck, and spine.[24]

Mitchell asserts that the motive for the incident was retaliation. He argues that "[r]etaliation by a guard against an inmate for filing a PREA compliant is in violation of policy and law, both state and federal."[25] Plaintiff alleges that the Defendants' actions violated La. R.S. 15:829, which prohibits the use of corporal punishment against inmates housed by the Department of Public Safety and Corrections, and that Defendants' actions also violated "Department Regulation No. C-02-006 regarding use of force."[26] Further, Plaintiff alleges that the Defendants "acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights."[27] Additionally, Mitchell asserts that "violating an inmate[']s rights and failure to follow rules and regulations implemented for the protection of inmates constitutes deliberate indifference."[28]

As a result of his alleged injuries, Plaintiff seeks an award for the following damages: (1) physical pain and suffering; (2) property damage and loss; (3) physical injuries; (4) emotional and mental distress, pain and suffering, humiliation, embarrassment; (5) medical, hospital, and pharmaceutical bills and liens and services past, present, and future; (6) inconvenience; (7) lost wages; (8) all litigation expenses; and (9) attorney's fees and costs.[29]

---

[23] Doc. 55, ¶40.
[24] Doc. 55, ¶41.
[25] Doc. 55, ¶42.
[26] Doc. 55, ¶¶43-44.
[27] Doc. 55, ¶47.
[28] Doc. 55, ¶48.
[29] Doc. 55, ¶61.

## II. LEGAL STANDARD

In *Johnson v. City of Shelby, Miss.*, the Supreme Court explained that "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[30]

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."[31]

Applying the foregoing jurisprudence, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.[32]

---

[30] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346-347 (2014)(citation omitted).
[31] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).
[32] *Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

5

The Fifth Circuit has further explained that all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff.[33] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[34]

III. ANALYSIS

A. Parties' Arguments

Defendant Sgt. Roberts has moved to dismiss Plaintiff's claims because he contends that the Plaintiff has failed to cure the pleading deficiencies in his original *Complaint*. Even though Mitchell's *Second Amended Complaint* only lists two claims for relief, an excessive force claim under 42 U.S.C. § 1983 and a negligent failure to protect claim under Louisiana law, Sgt. Roberts asserts that Mitchell has failed to state a viable claim against him in his individual capacity under Section 1983 for retaliation, conspiracy, failure to protect, excessive force, violations of state law and/or prison policies, and also fails to state Louisiana state law claims of negligence and intentional infliction of emotional distress.[35] Plaintiff disagrees, arguing that he has sufficiently pled Sgt. Roberts' role in the incident so as to survive dismissal of his claims, including a Section 1983 bystander claim, on Rule 12(b)(6) grounds.[36] The Court shall address each of the Plaintiff's claims in turn.

B. Plaintiff's Section 1983 Claim for Retaliation

In his *Second Amended Complaint*, Mitchell claims that Sgt. Thomas and Sgt. Roberts retaliated against him by allowing another inmate, Tillman, to beat him for filing a PREA

---

[33] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[34] *Id.* at 503.
[35] Doc. 56-1.
[36] Doc. 60.

6

complaint against Sgt. Thomas.[37] In support of his claim, Plaintiff makes the conclusory allegation that "on June 22, 2016, Sgt. Thomas and Sgt. Roberts had an inmate beat him in retaliation for his exercising his rights protected by the Constitution."[38] As in his original *Complaint*, Mitchell also alleges that "[d]ue to the circumstances" it was "obvious" that Sgt. Roberts had conspired with Sgt. Thomas to harm Plaintiff "as retaliation" for his PREA complaint.[39] The "obvious circumstance" to which Plaintiff refers is that during the alleged incident, Sgt. Thomas was in the front of the tier and could easily see Plaintiff's cell from his location, and because "he had just opened another cell door to release [an] inmate in the shower, … he obviously knew [an] inmate had not come out of" Plaintiff's cell.[40] Mitchell further alleges that Sgt. Thomas observed Sgt. Roberts escort inmate Tillman from his cell and/or the showers without restraints to Plaintiff's cell.[41] Mitchell claims that Sgt. Roberts then signaled to Sgt. Thomas to open the door of Plaintiff's cell, and then Sgt. Roberts allowed inmate Tillman to enter Plaintiff's cell where he was "violently attacked," while Sgt. Thomas observed.[42]

As this Court has previously explained, the standard governing a Section 1983 retaliation claim is as follows:

> The law is well-settled that a prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citation omitted); *See, Hunter v. Sterling*, Civ. A. No. 08-0835-JVP-DLD, 2010 WL 1385188, at *6 (M.D. La. Mar. 1, 2010) (citing authority). However, "Claims of retaliation must . . . be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)). To prevail on a claim of retaliation, a prisoner must be able to establish that (1) he was exercising or attempting to exercise a specific constitutional right, (2) the defendant intentionally retaliated against the prisoner for the exercise of that right,

---

[37] Doc. 55, ¶7.
[38] Doc. 55, ¶7.
[39] Doc. 55, ¶38.
[40] Doc. 55, ¶26.
[41] Doc. 55, ¶¶28-30; 33.
[42] Doc. 55, ¶¶32; 34-35.

7

(3) an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) there is causation, i.e., that but for the retaliatory motive, the adverse action would not have occurred. *Morris,* 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). The inmate must allege more than a mere personal belief that he is the victim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). To demonstrate the requisite retaliatory intent on the part of a defendant, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166.[43]

As noted in the *Report and Recommendation* later adopted by this Court, "complaining about conduct of correction officers through proper channels is a constitutionally protected activity."[44] In his *Second Amended Complaint*, Mitchell provides more factual allegations regarding the PREA complaint he filed against *Sgt. Thomas*, including the date he allegedly filed it, June 18, 2016, and the date of the alleged incident, June 17, 2016.[45] He further claims that "LSP has adopted PREA as its procedure … for reporting sexual contact between a prisoner and the staff employed by the prison" and that he followed said procedure when he filed his PREA complaint.[46] Construing these factual allegations in the light most favorable to the non-moving party, the Court finds that the Plaintiff sufficiently pled the first element necessary for a viable Section 1983 retaliation claim.

As for the remaining elements, however, the Court finds that Mitchell has once again failed allege any facts that show that Sgt. Roberts intentionally retaliated against Plaintiff because he exercised his constitutional right to complain about Sgt. Thomas. Mitchell has not plead that Sgt. Roberts knew about his pending PREA complaint against Sgt. Thomas, or any relationship between the two Defendants from which the Court could infer that, but for the retaliatory motive,

---

[43] Doc. 48, p. 8.
[44] Doc. 48 at 9 (citing *Hanna v. Maxwell,* 415 F. App'x 533, 536 (5th Cir. 2011)(internal citations omitted.)
[45] Doc. 55, ¶7.
[46] Doc. 55, ¶ 6.

8

the events Plaintiff alleges would not have occurred. Instead, he relies solely on conclusory allegations that Sgt. Roberts, along with Sgt. Thomas, had inmate Tillman beat him as a form of retaliation for filing his PREA complaint. Such conclusory allegations are not sufficient to state a viable retaliation claim.[47] Hence, Mitchell has failed to allege any "direct evidence of motivation" on the part of Sgt. Roberts, or to set forth "a chronology of events from which retaliation may be plausibly inferred" to show that Sgt. Roberts intentionally retaliated against him.[48] As for the final element, although Mitchell has alleged that the incident occurred four days after he filed his PREA complaint, "temporal proximity alone is insufficient to prove causation."[49] Accordingly, the Court finds that Plaintiff has failed to state a plausible 42 U.S.C. § 1983 retaliation claim against Sgt. Roberts, and it shall be dismissed.

### C. Plaintiff's Section 1983 Conspiracy to Retaliate Claim

The *Second Amended Complaint* also re-alleges a 42 U.S.C. § 1983 conspiracy to retaliate claim against Sgt. Roberts and Sgt. Thomas.[50]

In order to establish a viable Section 1983 conspiracy claim of retaliation, the Fifth Circuit has made clear that the plaintiff "show an actual violation of § 1983 and an agreement by defendants to commit an illegal act."[51] Further, "[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy under 42 U.S.C. 1983."[52]

---

[47] *Johnson v. Rodriquez*, 110 F.3d 299, 310 (5th Cir. 1997) (conclusory allegations or a plaintiff's personal belief that he is the victim of retaliation is insufficient to state a viable retaliation claim).
[48] *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)(citation omitteD).
[49] *Reese v. Skinner*, 322 Fed.App'x 381, 383 (5th Cir. 2009).
[50] Doc. 55, ¶ 38.
[51] *Leggett v. Williams,* 277 F. App'x 498, 501 (5th Cir. 2008)(*citing Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).
[52] *Id.* (*quoting Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986.)

Mitchell's Section 1983 conspiracy to retaliate claim against Sgt. Roberts must fail because Plaintiff has failed to establish either element required to prove such a claim. Assuming, without finding, that Mitchell could establish the first element of conspiracy – an actual violation of Section 1983 – Plaintiff's *Second Amended Complaint* does not allege that the Defendants reached an agreement or understanding to cause Mitchell harm. Instead, Mitchell re-alleges that Sgt. Roberts transported inmate Tillman, unshackled in violation of LSP policy, to and from the showers. While escorting Tillman, Sgt. Roberts allegedly proceeded to Plaintiff's cell and then signaled to Sgt. Thomas to open Plaintiff's cell. Thereafter, Mitchell claims that Sgt. Roberts allowed an unshackled Tillman into his cell, who then subsequently attacked the Plaintiff. From these allegations, Plaintiff draws the conclusion that, "[d]ue to the circumstances, it was obvious that Sgt. Willie Thomas had conspired with Sgt. Roberts to cause harm to DAVID MITCHELL as retaliation for the prior PREA complaint, because at the time of the attack, Sgt. Willie Thomas as the front of the Tier outside of the gate looking down to the Tier."[53] The Court finds that Plaintiff's claims are, at best, speculative and conclusory. Importantly, conclusory allegations of conspiracy, "cannot, absence reference to material facts, state a substantial claim of federal conspiracy under 42 U.S.C. § 1983."[54]

The Court further finds that, contrary to Mitchell's argument otherwise, his conspiracy claim is distinguishable from the plaintiff's claims in *Brunson v. Nichols*.[55]

In *Brunson*, the plaintiff, a federal inmate, alleged claims of retaliation and conspiracy to retaliate claims after filing a grievance expressing safety concerns due to daily power outages at the prison, FCI Pollock. After presenting his concerns to his prison counselor, K. Nichols, she

---

[53] Doc. 55, ¶55. In his *Opposition*, Plaintiff admits that this allegation or "statement is conclusory." Doc. 60, p. 11.
[54] *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)(citation omitted).
[55] *Brunson v. Nichols*, 875 F.3f 275 (5th Cir. Nov. 15, 1997).

explained to him that "his complaint was potentially threatening to prison safety and interfered with the prison officials' duties."[56] After notifying her supervisors, Lewis and Captain Valle of plaintiff's grievance, she prepared an incident report which triggered disciplinary proceedings against the plaintiff. While awaiting three weeks for his disciplinary hearing, plaintiff was placed in a Special Housing Unit ("SHU") or "lockup." At his hearing, plaintiff was sanctioned with seven days of disciplinary segregation plus three months of lost privileges. Thereafter, plaintiff filed his federal lawsuit against Nichols, her supervisors, the disciplinary hearing officer, and other prison officials. Relevant here, after reviewing the complaint pursuant to the 28 U.S.C. § 1915(A) screening process, the district court dismissed Brunson's conspiracy claims as conclusory. On appeal, the Fifth Circuit reversed the district court's decision as to the conspiracy claim for the following reasons:

> "Brunson alleged facts supporting a plausible inference of conspiracy among Captain Valle and Lieutenant Carder to retaliate against Brunson for filing the grievance from. Brunson alleged that while he was in the SHU, Captain Valle and Lieutenant Carder paid him a visit. Captain Valle allegedly said, "[Y]ou don't think I know the lights are an issue? . . . . You are not going to make threats." Lieutenant Carder then said, "Thanks for telling us how to do our jobs, you want to tell us how to do our jobs things go down hill for you." When Brunson pointed out that Nichols' incident report "didn't even articulate a violation," the Captain responded, "Well, when I talk to the DHO we'll see if he can articulate a violation." The DHO subsequently changed the charged offense from "threatening" to "refusal to obey an order."[57]

Based upon the foregoing factual allegations, the Fifth Circuit concluded that the plaintiff had sufficiently plead "an agreement to commit an illegal act which resulted in plaintiff's injury" to support a conspiracy claim.[58]

---

[56] *Id.*
[57] *Id.* at 278-79.
[58] *Id.* at 279 (quoting *Hay v. City of Irving, Tex.*, 893 F.2d 796, 799 (5th Cir. 1999)).

Unlike the factual allegations in *Brunson*, which involved several statements made by the alleged co-conspirators, including a verbal threat and the ultimate action of altering plaintiff's disciplinary report, here, Mitchell relies upon purely speculative and conclusory allegations to support his conspiracy claim against Sgt. Roberts.[59] Therefore, even construing the factual allegations in the light most favorable to Mitchell, the Court finds that Plaintiff has failed to state a viable 42 U.S.C. § 1983 conspiracy to retaliate claim against Sgt. Roberts. According, Plaintiff's claim shall be dismissed for failure to state a claim.

### D. Plaintiff's Section 1983 Failure to Protect Claim

In his *Second Amended Complaint*, Mitchell reasserts a failure to protect claim against Sgt. Roberts for allowing Tillman access to Plaintiff's cell.[60] The Court finds, for the following reasons, that Mitchell has failed to cure his original pleading deficiencies in order to state a viable 42 U.S.C. § 1983 failure to protect claim.

As this Court previously explained, the standard governing a 42 U.S.C. § 1983 claim for failure to protect is as follows:

> "It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas* 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994)). "Prison officials are not, however, expected to prevent all inmate-on-inmate violence." *Adames v. Perez,* 331 F.3d 508, 512 (5th Cir. 2003) (citing Farmer, 511 U.S. at 834, 114 S.Ct. 1970). Prison officials will be found liable for their failure to protect an inmate when the officials are deliberately indifferent to a substantial risk of serious harm. *Adames*, 331 F.3d at 512. "A prison official is deliberately indifferent if he knows of an 'excessive risk to inmate health or safety' and disregards that risk." *Id.* (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970). "Deliberate indifference requires an allegation of a 'conscious or callous indifference' to a prisoner's rights." *Robertson v. Gautreaux*, Civ. A. No. 16-341-JJB-RLB, 2017 WL 690542, at *4 (M.D. La. Feb. 21, 2017) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 641 (5th Cir. 1996)).

---

[59] *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)(While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level.").
[60] Doc. 55, ¶ 38.

12

Further, "The deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983." *Robertson v. LeBlanc*, Civ. A. No. 13-171-SDD-RLB, 2014 WL 688979, at *4 (M.D. La. Feb. 20, 2014) (citing *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986)).[61]

Applying the foregoing standard to the instant matter, the Court finds that Plaintiff has failed to allege any additional facts to show that Sgt. Roberts was aware of a specific threat posed by Tillman, or that Sgt. Roberts knew of an excessive risk to Mitchell's health or safety, and Sgt. Roberts disregarded it. Mitchell once again fails to allege that Tillman was a "known enemy" of the Plaintiff, as noted by the Court in the *Report and Recommendation* on the *First Motion to Dismiss*.[62] The only "known enemy" identified by Plaintiff in his *Second Amended Complaint* is Sgt. Thomas.[63] Furthermore, Mitchell never alleges that Sgt. Roberts was aware that Tillman posed a serious threat to Plaintiff's health and safety. Nor, as noted in the *Report and Recommendation*, are there any allegations of prior conflict or altercations between Tillman and Mitchell.[64]

In his *Second Amended Complaint*, Plaintiff alleges that Sgt. Roberts breached LSP prison operations by escorting an inmate to and from the showers without being shackled. Plaintiff has further alleged that Sgt. Roberts allowed an unshackled inmate, Tillman, into his cell, who then violently attacked him.

Construing these allegations in favor of the nonmovant, the Court finds that, at most, Mitchell has alleged a negligence claim against Sgt. Roberts for his alleged failure to follow proper LSP Protocol by failing to restrain Tillman while escorting him to and from the showers.[65]

---

[61] Doc. 48, p. 12.
[62] Doc. 48, p. 13.
[63] Doc. 48, p. 13; Doc. 55, ¶ 14.
[64] Doc. 48 at 13, *citing Robertson*, 2017 WL 690542, at *5
[65] Doc. 55, ¶¶ 27-29.

However, "a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983."[66]

Overall, the Court finds that Plaintiff has failed to overcome the "very high bar" required for deliberate indifference under Section 1983. Therefore, the Court finds that Plaintiff has failed to state a viable 42 U.S.C.§ 1983 failure to protect claim against Sgt. Roberts, and it shall be dismissed.

**E. Plaintiff's Section 1983 Excessive/Unnecessary Force Claim**

Plaintiff re-alleges an excessive force claim against Sgt. Roberts.[67] However, the Court finds that the *Second Amended Complaint* still lacks factual allegations that show that Sgt. Roberts used excessive force against Mitchell Therefore, Plaintiff's Section 1983 excessive force claim against Sgt. Roberts must be dismissed for failure to state a viable claim.

Pursuant to the Eighth Amendment, prison officials are prohibited from inflicting "cruel and unusual punishment" on prisoners.[68] This Eighth Amendment ban of "cruel and unusual punishment" includes the use of excessive force.[69] "A use of force is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain discipline.[70] "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily

---

[66] *Robertson*, 2014 WL 688979, at *4 (citing *Davidson*, 474 U.S. at 347-38, 106 S.Ct. at 670).
[67] Doc. 55, ¶50.
[68] U.S. Const. amend. VIII.
[69] *Granger v. Babin*, Civ. A. No. 12-628-JJB-SCR, 2014 WL 2197064, at *3 (M.D. La. May 27, 2014)(citing *Farmer*, 511 U.S. at 832, 114 S.Ct. 1970).
[70] *Graham v. Callahan*, Civ. A. No. 13-00767-BAJ-RLB, 2015 WL 631280, at *3 (M.D. La. Feb. 12, 2015), *supplemented*, 2015 WL 1258095 (M.D. La. Mar. 18, 2015) (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010)).

excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' "[71]

Applying the foregoing standard here, the Court finds that Plaintiff has failed to allege that Sgt. Roberts used excessive force. Rather, he alleges that Tillman, a fellow inmate, attacked him due to Sgt. Roberts' alleged failure to follow LSP Protocol of shackling inmates when escorting them to and from the showers.[72] Considering that the *Second Amended Complaint* lacks any allegations that Sgt. Roberts used excessive force, the Court finds that Plaintiff's Eighth Amendment excessive force claim shall be dismissed on Rule 12(b)(6) grounds.

### F. Plaintiff's Section 1983 Violation of Prison Regulations and/or State Law Constituting Deliberate Indifference Claim

Finally, the *Second Amended Complaint* re-alleges a Section 1983 violation of prison regulations and/or state law constituting deliberate indifference claim.[73] Plaintiff also re-asserts that Sgt. Thomas and Sgt. Roberts violated La. R.S. 15:829, which prohibits prison guards from using capital punishment against inmates, as well as violating LAC 22:3309(B) and Department Regulation No. C-02-006 (6)(b)(c)(d).[74]

It is well settled law that "a violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights."[75] Furthermore, as stated in the *Report and Recommendation*, "a claim based on a prison regulation violation would not be cognizable under § 1983 because '[a] claim for relief under § 1983 must allege the deprivation of a right secured by the Constitution or the laws of the United States by a

---

[71] *Payne v. Parnell,* 246 F. App'x 884, 887 (5th Cir. 2007)(*citing Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).
[72] Doc. 55, ¶ 35.
[73] Doc. 55, ¶53.
[74] Doc. 55, ¶¶ 43, 51.
[75] *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005)(internal citations omitted.)

15

defendant acting under color of state law.'"[76] Based on this governing standard, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 for a violation of the Plaintiff's rights under Louisiana law and specific prison violations. Hence, Plaintiff's 42 U.S.C. § 1983 claim against Sgt. Roberts for violating state law, rules, and/or regulations shall be dismissed.

### G. Bystander Claim

In his Opposition, Mitchell raises, for the first time, a claim that Sgt. Roberts could be liable for bystander liability pursuant to 42 U.S.C. § 1983.

A new claim cannot be raised in opposition to a motion to dismiss.[77] However, the Fifth Circuit has held that "[g]enerally, a new claim or legal theory raised in response to a dispositive motion should be construed as a request for leave to amend the complaint, and the district court should determine whether leave should be granted."[78]

In this case, Mitchell has presented no arguments as to why he should be allowed to amend his *Second Amended Complaint* to allege a 42 U.S.C. § 1983 bystander claim. Instead, he merely asserts that "[a]t a minimum, the pleadings also set forth a claim for bystander liability under Section 1983."[79] Mitchell has been given the opportunity to amend his complaint to state a viable 42 U.S.C. § 1983 claim; however, as reflected herein, the Court has determined that Mitchell has been unable to do so. Hence the Court finds that giving the Plaintiff an opportunity to amend his *Complaints* to assert a 42 U.S.C. § 1983 bystander claim at this juncture would prove to be futile.[80] Accordingly, the Court finds that Plaintiff's 42 U.S.C. § 1983 is not properly before it.

---

[76] Doc 48 at 16, citing *Jenkins v. Livingston*, 388 Fed. App'x 417, 420 (5th Cir. 2010) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).
[77] *See Payne v. Hammond City*, Civil Action No. 15-1022, 2017 WL 1164343 (E.D.La. Mar. 29, 2017).
[78] *Pierce v. Hearne Ind. Sch. Dist.*, 600 Fed.Appx. 194, 200 (5th Cir. 2015)(citing *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n. 2 (5th Cir. 2008)).
[79] Doc. 60, p. 12.
[80] *See Marucci Sports, L.L.C. v. National Collegiate Athletic Association*, 751 F.3d 368 (5th Cir. May 6, 2014)("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile")(citation omitted).

### H. Remaining State Law Claim

In addition to his 42 U.S.C. § 1983 claims, Mitchell also alleges an alternative state law claim of negligence. Mitchell specifically alleges as follows: "In the alternative, each named DEFENDANT knew or should have known that failure to keep unauthorized persons out of an inmate's cell and failure to protect the inmate could lead to serious personal injury."[81] While district courts have supplemental jurisdiction over state law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," the court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.[82] Because the Court has dismissed all of Mitchell's 42 U.S.C.§ 1983 claims over which it had original jurisdiction, it declines to exercise supplemental jurisdiction over Mitchell's remaining state law negligence claim. Plaintiff's state law negligence claim shall be dismissed without prejudice.

## IV. CONCLUSION[83]

For the foregoing reasons,

IT IS HEREBY ORDERED that *Defendant Sgt. Clarence Roberts' Second Motion to Dismiss*[84] is hereby GRANTED and that Plaintiff's 42 U.S.C. § 1983 claims for retaliation, conspiracy, failure to protect, excessive/unnecessary force, and violation of prison regulations and/or state law constituting deliberate indifference, are hereby DISMISSED WITH PREJUDICE.

---

[81] Doc. 55, ¶58. (captioned "**SECOND CLAIM FOR RELIEF NEGLIGENCE**")
[82] *See* 28 U.S.C. § 1367.
[83] Because the Court has found that Mitchell has failed to state a viable 42 U.S.C. § 1983 federal claim, it need not reach Defendant's alternative argument that he is entitled to qualified immunity. The Court further notes that Plaintiff failed to address Defendant's qualified immunity argument.
[84] Doc. 56.

IT IS HEREBY FURTHER ORDERED that Plaintiff David Mitchell's state law negligence claim against Defendant Sgt. Clarence Roberts is hereby DISMISSED WITHOUT PREJUDICE.

It is so ordered.

Signed in Baton Rouge, Louisiana, on September 24, 2018.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**