# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DAVID MITCHELL

VERSUS

SGT. WILLIE THOMAS, ET AL.

CIVIL ACTION

NO. 17-90-JWD-EWD

## RULING AND ORDER

This matter comes before the Court on *Defendant Thomas' Second Motion to Dismiss Pursuant to FRCP 12(b)(6)* (the "*Motion*") (Doc. 73). Plaintiff David Mitchell ("Plaintiff" or "Mitchell") has filed an opposition. (Doc. 77.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant Thomas's motion is granted.

**I.     Relevant Factual and Procedural Background**

The facts set forth in the *Second Amended Complaint* ("SAC") (Doc. 55) were previously described extensively in two of this Court's rulings, both of which will be discussed extensively below: (1) the September 24, 2018, *Ruling and Order* on Defendant Clarence Roberts' motion to dismiss (Doc. 68; *Mitchell v. Thomas*, No. 17-00090-JWD-EWD, 2018 WL 4572667 (M.D. La. Sept. 24, 2018)) (the "*MTD Ruling*"); and (2) the May 21, 2019, *Ruling and Order* on Plaintiff's motion to reconsider the *MTD Ruling* (Doc. 84) (the "*MFR Ruling*"). Only the relevant facts will be described here.

Plaintiff is an inmate at Louisiana State Penitentiary ("LSP"). He brought this suit against Defendants Sergeant Willie Thomas ("Defendant Thomas" or "Thomas") and Defendant

Jury

Clarence Roberts ("Defendant Roberts" or "Roberts") (collectively, "Defendants"). This motion deals only with Thomas.

Plaintiff alleges that Defendants conspired to harm him after he filed a sexual harassment complaint against Thomas. (*SAC* ¶¶ 6–7, Doc. 55.) The events of this suit allegedly happened four days after Plaintiff's complaint and five days after the harassment. (*Id.* ¶¶ 7, 14.)

Specifically, on June 22, 2016, Thomas and Roberts were working at LSP at Camp J in Gator dorm. (*Id.* ¶¶ 15–16.) Tiers consist of fourteen cells, and the first cell at the head of the Tier is the shower cell. (*Id.* ¶ 19.) The next cell is Cell #2, and so on. (*Id.*) Plaintiff was confined in Cell #2. (*Id.* ¶ 26.)

On the day in question, Thomas, who had been listed by Plaintiff as a "known enemy," was allegedly assigned to "work[] the key (cell doors) to release inmates from cells for showers on Gator Left," while Roberts was "escorting inmates to and from the showers in Gator L[eft]." (*Id.* ¶¶ 14, 23.) Purportedly, Thomas "could easily see cell #2 from where he stood" and knew that Plaintiff was there next to the shower cell. (*Id.* ¶ 26.)

According to Plaintiff, Roberts signaled Thomas "to open the cell to remove Inmate Tillman from his cell as though Inmate Tillman was going to and from the shower," but, "in violation of policy[,] . . . Roberts had not had Inmate Tillman come to the bars and be restrained prior to existing [sic] the cell" (or, alternatively, "did not place Inmate Tillman in restraints prior to his exiting the showers," again in violation of policy). (*SAC* ¶¶ 28–29, Doc. 55.) In any event, "Inmate Tillman was on the Tier unrestrained with . . . Roberts." (*Id.* ¶ 30.)

"Thomas was at the head of the Tier operating the cell doors and observing all of this." (*Id.* ¶ 32.) Roberts signaled Thomas to open the door to Cell #2, after which time Roberts

2

purportedly "allowed inmate Tillman into Cell #2 where Inmate Tillman violently attacked [Plaintiff] causing serious physical injury." (*Id.* ¶¶ 34–35.)

Plaintiff asserted a number of claims under 42 U.S.C. § 1983, including retaliation, conspiracy to retaliate, failure to protect, excessive force, and violation of prison regulations. (*SAC* ¶¶ 7, 38, 50, 53.) Plaintiff also alleges violations of state law, including a claim for negligence. (*Id.* ¶¶ 43, 51, 58–59.)

Again, on September 24, 2018, this Court issued the *MTD Ruling*, which dismissed Plaintiff's claims against Defendant Roberts. (*MTD Ruling*, Doc. 68.) This Court specifically found that Plaintiff failed to state any cognizable claim against Roberts under § 1983 and dismissed these claims with prejudice. (*MTD Ruling*, Doc. 68 at 17.) The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims against Roberts and dismissed them without prejudice. (*Id.* at 17–18.)

On May 21, 2019, this Court issued the *MFR Ruling*, which denied Plaintiff's motion for reconsideration of the *MTD Ruling*. (*MFR Ruling*, Doc. 84.)The Court specifically found that (1) its dismissal of Plaintiff's federal law claims was a judgment on the merits and was properly done with prejudice (rather than without prejudice, as Plaintiff desired), and (2) Plaintiff was not entitled to discovery because he failed to state a viable claim. (*MFR Ruling*, Doc. 84 at 6–9.)

In the instant motion, Defendant Thomas seeks dismissal of Plaintiff's claims against him.

II.     **Relevant Standard**

In *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014), the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not

countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S.Ct. at 346–47 (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)]; *Twombly*, 55[0] U.S. at 556, [127 S. Ct. 1955]. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556 [127 S.Ct. 1955].

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

The Fifth Circuit further explained that all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500,

4

502–03 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted." *Id.* at 503.

### III. Discussion

#### A. Parties' Arguments

In his original memorandum (Doc. 73-1), Defendant Thomas urges that he is entitled to qualified immunity. Plaintiff pleads no constitutional violations, only "unsupported, speculative, and conclusory allegations that his rights were violated by Sgt. Thomas." (*Id.* at 7.) Further, Thomas, who was alleged to have been on a separate tier, did not act "objectively contrary to clearly established law." (*Id.* at 8.) Alternatively, Thomas argues that Plaintiff did not state a viable claim for retaliation because his allegations are conclusory. Defendant Thomas goes on to seek dismissal of each of Plaintiff's other § 1983 claims, relying almost exclusively on the *MTD Ruling*.

In his opposition (Doc. 77), Plaintiff urges that the *Motion* be "denied to allow [him] an opportunity to discover direct evidence of the state of mind of the Defendants that this Court has found lacking from the [*SAC*]." (*Id.* at 1.) Plaintiff concedes that, with respect to the retaliation claim, the "interaction and conversation had, if any, between the two defendants is the subject of speculation and circumstantial pleading." (*Id.*) Plaintiff explains that, if the case is allowed to proceed in state court, Plaintiff will be allowed discovery as to "what [Defendants] knew, why, and when," so the Court should not dismiss his claims with prejudice at this time." (*Id.* at 1–2.) The other claims similarly require further discovery; for instance, what did Inmate Tillman know, and why was he unrestrained? Ultimately, dismissal of the federal claims should be without prejudice so that the Plaintiff can re-urge them after discovery in state court.

5

**B. Analysis**

In short, the Court will dismiss Plaintiff's claims against Defendant Thomas. The Court bases this decision largely on the reasons given in the two rulings discussed above.

Specifically, in the *MTD Ruling*, the Court dismissed all of Plaintiff's claims under 42 U.S.C. § 1983 against Defendant Roberts for conspiracy to retaliate, failure to protect, excessive force, and violation of prison regulations. (*MTD Ruling*, Doc. 68 at 6–16; *Mitchell*, 2018 WL 4572667, at *4–8.)

For the same reasons, the Court dismisses most of Plaintiff's § 1983 claims against Defendant Thomas. Plaintiff's § 1983 conspiracy claim fails because there are insufficient allegations of an agreement between Roberts and Thomas. (*See MTD Ruling*, Doc. 68 at 9–12; *Mitchell*, 2018 WL 4572667, at *5–6.) Plaintiff's § 1983 failure to protect claim fails because the *SAC* does not establish that Thomas knew that Inmate Tillman was a threat to Plaintiff or that Thomas' conduct was anything beyond mere negligence or even gross negligence. (*See MTD Ruling*, Doc. 68 at 12–14; *Mitchell*, 2018 WL 4572667, at *6–7.) Plaintiff's § 1983 excessive force claim fails because Thomas did not use any excessive force on Plaintiff; all force was used by Inmate Tillman. (*See MTD Ruling*, Doc. 68 at 14–15; *Mitchell*, 2018 WL 4572667, at *7–8.) Plaintiff's bystander liability claim fails because it was not properly raised in the *SAC*. (*MTD Ruling*, Doc. 68 at 16; *Mitchell*, 2018 WL 4572667, at *8.) And Plaintiff's claim that Thomas violated prison regulations is not actionable under § 1983. (*MTD Ruling*, Doc. 68 at 15–16; *Mitchell*, 2018 WL 4572667, at *8.)

Plaintiff's retaliation claim against Defendant Thomas presents a closer call than in the *MTD Ruling*, but, ultimately, this claim must also be dismissed. In the *MTD Ruling*, this Court explained:

> To prevail on a claim of retaliation, a prisoner must be able to establish that (1) he was exercising or attempting to exercise a specific constitutional right, (2) the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) there is causation, i.e., that but for the retaliatory motive, the adverse action would not have occurred. [*Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)]; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). The inmate must allege more than a mere personal belief that he is the victim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). To demonstrate the requisite retaliatory intent on the part of a defendant, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. [*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)].

(*MTD Ruling*, Doc. 68 at 7–8; *Mitchell*, 2018 WL 4572667, at *4.) In finding no retaliation by Defendant Roberts, this Court stated that the Plaintiff failed to adequately allege "any relationship between the two Defendants from which the Court could infer that, but for the retaliatory motive, the events Plaintiff alleges would not have occurred." (*MTD Ruling*, Doc. 68 at 8–9; *Mitchell*, 2018 WL 4572667, at *4.) Though Plaintiff alleged that the incident occurred a few days after his PREA complaint against Defendant Thomas, this Court emphasized that " 'temporal proximity alone is insufficient to prove causation.' " (*MTD Ruling*, Doc. 68 at 9; *Mitchell*, 2018 WL 4572667, at *4 (quoting *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009)).

Preliminarily, Plaintiff essentially concedes the insufficiency of his retaliation claim against Thomas. In Plaintiff's opposition, he states: "At this time, no discovery has been taken. The interaction and conversation had, if any, between the two defendants is the subject of speculation and circumstantial pleading." (*Opposition*, Doc. 77 at 1.) Plaintiff's failure to provide a substantive argument in his opposition is essentially a waiver and justifies dismissal by itself. *See JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018)

("Plaintiff did not respond to the substance of any of SPL's arguments. . . . On this ground alone, the Court could dismiss Plaintiff's Amended Complaint." (numerous citations omitted)).

But, even if Plaintiff had not conceded the argument, Plaintiff has not stated a viable claim against Defendant Thomas for the reasons given above and in the *MTD Ruling*. Ultimately, as alleged, all Defendant Thomas did was open the door to Plaintiff's cell. (*SAC* ¶ 35, Doc. 55.) Again, there is no allegation that Thomas physically assaulted Plaintiff or that Thomas knew that Inmate Tillman, though unrestrained, posed a substantial risk of harm to Mitchell. Plaintiff has alleged only temporal proximity between his PREA complaint against Defendant Thomas and Tillman's attack. "[M]ere personal belief that he is the victim of retaliation" is not enough. (*MTD Ruling*, Doc. 68 at 8; *Mitchell*, 2018 WL 4572667, at *4.) Plaintiff has failed to allege any "direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred," particularly considering the "skepticism" with which these claims are regarded. (*MTD Ruling*, Doc. 68 at 7–8; *Mitchell*, 2018 WL 4572667, at *4 .) Without more, Plaintiff cannot prevail on his retaliation claim against Defendant Thomas, and, consequently, it must be dismissed.

Further, for the reasons given in the *MFR Ruling*, Plaintiff is not entitled to discovery from Defendants until he has stated a viable claim. (*MFR Ruling*, Doc. 84 at 7–8.) Equally clear from the *MFR Ruling*, Plaintiff's federal claims must be dismissed with prejudice, as the Court's ruling on the instant Rule 12(b)(6) motion serves as an adjudication on the merits. (*MFR Ruling*, Doc. 84 at 6–7.)

Additionally, as in the *MTD Ruling*, because the Court has dismissed each of Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over his state law

claims. (*MTD Ruling*, Doc. 68 at 17; *Mitchell*, 2018 WL 4572667, at *9.) These claims will be dismissed without prejudice.

Lastly, Plaintiff has had multiple opportunities to state a viable claim, and he has failed to do so. Clearly, any further amendment would be futile, so the Court will deny Plaintiff further leave to amend. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378–79 (5th Cir. 2014) (finding no abuse of district court's discretion in denying leave to amend after multiple attempts when further amendment would be futile).

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that *Defendant Thomas' Second Motion to Dismiss Pursuant to FRCP 12(b)(6)* (Doc. 73) is **GRANTED**. All claims by Plaintiff David Mitchell under 42 U.S.C. § 1983 claims are hereby **DISMISSED WITH PREJUDICE.** All of Plaintiff's state law claims are hereby **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on <u>May 28, 2019</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**